IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

TYREE C. SMITH,

    Plaintiff,

vs.

No. 15-2073-JPM-dkv

LAFAYETTE WILLIAMS/CHINGS HOT WINGS,
MANAGER VENIECE BOBO, and
MANGER JOSHUA WILLIAMS,

    Defendants.

---

REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS

---

On January 29, 2015, the plaintiff, Tyree C. Smith, filed a *pro se* complaint against the defendants, Lafayette Williams/ Chings Hot Wings, Manager Veniece Bobo, and Manager Joshua Williams, alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). (Compl., ECF No. 1.) Smith paid the $400 filing fee. This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

Now before the court are the motions to dismiss filed by all three defendants, proceeding *pro se*, on June 16, 2015.

(Defs.' Mot. to Dismiss, ECF Nos. 10, 11, 12.)[1] Smith filed an "opposition" on July 10, 2015 which was docketed as "Pro Se Notice/Motion of Opposition." (Notice, ECF No. 15.) The court treats the "Notice" as a response to the defendants' motions to dismiss. For the reasons that follow, it is recommended that Manager Joshua Williams and Manager Veniece W. Bobo's motions to dismiss be granted and that Lafayette Williams/Chings Hot Wings' motion to dismiss be denied.

I. PROPOSED FINDINGS OF FACT

To initiate this action, Smith filled out and filed a court-supplied complaint form entitled "Complaint" and checked the box "Title VII of the Civil Rights Act of 1964." (*Pro Se* Compl. ¶ 1, ECF No. 1.) In his original complaint, Smith alleged that the defendants discriminated against him by terminating his employment on July 24, 2014. (*Id.* ¶ 6.) He indicated that the basis of the discrimination was "gender/sex." (*Id.* ¶ 9.) In the space provided on the form complaint for stating the facts of his case, Smith wrote:

> (1) On July 24, 2014, I was originalle [sic], practically, and wrongfully terminated from Ching's Hot Wings Restaurant by Manager Joshua Williams, just because I (technically) requested to Manager Veniece Bobo for a 30-minute actual lunch break?

---

[1] The motions to dismiss were included in the answers of the defendants and were docketed as answers.

(2) Other than 7/24/14, I, Mr. Tyree Smith, never ever once received an actual lunchbreak during my employment at Ching's How Wings Restaurant.

(3) However, whenever it came down to the 1st and 2nd shift female employees of taking an actual lunch break, the 1st and 2nd shift female employees was always and automatically given an actual lunch break, without any questions about it.

(*Id.* ¶ 10.) Smith attached to his complaint a 13-page, single-spaced typed document entitled "Statement of your Federal Civil Claim" which contains 203 paragraphs of factual allegations. (Statement, ECF No. 1-1.)

Smith states in the complaint that he filed a discrimination charge with the United States Equal Employment Opportunity Commission ("EEOC") on January 29, 2015. (*Id.* ¶ 12.) The EEOC issued a notice of right to sue, a copy of which is attached to the complaint. (*Id.*) Smith states in his complaint that he received the notice on October 31, 2014. (*Pro Se* Compl. ¶ 14, ECF No. 1.) For relief, Smith seeks "nomial [sic] damages, inter alia." (*Id.* at 6.)

On May 1, 2015, Smith filed an amended complaint which consists of a 24-page, single-spaced typed document entitled "Statement of your Federal Civil Claim" which contains 336 paragraphs of factual allegations. (Am. Compl., ECF No. 1-1.)

I. PROPOSED CONCLUSIONS OF LAW

A. <u>Standard for Rule 12(b)(6) Dismissal</u>

3

The defendants move to dismiss Smith's complaint for failure to state a claim on which relief can be granted. To survive Rule 12(b)(6) dismissal following the United States Supreme Court's opinions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). The Supreme Court's decision in

4

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), makes clear that Title VII plaintiffs are not required to plead the elements of a prima facie case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). All that is required is that the complaint comply with "Rule 8(a)'s simplified pleading standard." *Swierkiewicz,* 534 U.S. at 513.

"*Pro se* complaints are to be held to 'less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading." (internal quotation marks omitted)); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to

5

ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B. <u>Smith's Title VII Claim</u>

   *1.  Smith's Claims against the Managers*

Smith purports to state a Title VII gender discrimination claim against two managers at Ching's Hot Wings – Manager Veniece Bobo and Manager Joshua Williams. There is no remedy, however, under Title VII against a coworker or supervisor in his or her individual capacity. *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). For that reason, the court recommends dismissal of Smith's Title VII claims against Manager Veniece Bobo and Manager Joshua Williams pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

   *2.  Smith's Claim against Lafayette Williams*

Smith alleges that he was treated differently by Lafayette Williams/Ching's Hot Wings on the basis of his gender because he was denied a lunch break while female employees were allowed to take lunch breaks.

Title VII applies only to "employers." 42 U.S.C. § 2000e-2. *Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 611 (6th Cir. 2003). In both of Smith's statements attached to his original complaint and his "amended complaint," Smith alleges that "Mr. Lafayette Williams is the owner of Ching's hot wings restaurant." (Statement ¶ 3, ECF No. 1-1; Am. Compl. ¶ 3, ECF No. 7.) There is no indication that Ching's Hot Wings is a corporation, partnership, or limited liability company. It appears from the allegations that Ching's Hot Wings is a sole proprietorship, owned and operated by Lafayette Williams. Thus, Lafayette Williams is an employer within the meaning of Title VII.

To establish a *prima facie* case of employment discrimination, a plaintiff must demonstrate: (1) he is a member of a protected class; (2) he was qualified for his job; (3) he suffered an adverse employment decision; and (4) he was replaced by a person outside the protected class or treated differently than similarly situated non-protected employees. *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 391 (6th Cir. 2008); *Peltier v. United States*, 388 F.3d 984, 987 (6th Cir. 2004). In cases of reverse discrimination where, as here, a member of the majority claims discrimination, the Sixth Circuit requires an additional showing. *Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 614-15 (6th Cir. 2003)(reverse racial

7

discrimination); *Pierce v. Commonwealth Life Ins.*, 40 F.3d 796, 801 (6th Cir. 1994)(reverse gender discrimination)(reversed on other grounds). To satisfy the first prong of the *prima facie* case, the plaintiff must "demonstrate 'background circumstances [to] support the suspicion that the defendant is that unusual employer who discriminates against the majority.'" *Sutherland*, 344 F.3d at 614 (quoting *Zambetti v. Cuyahoga Cmty. Coll.*, 314 F.3d 249, 255 (6th Cir. 2002)). As to the fourth prong, "the plaintiff must show that the defendant treated differently employees who were similarly situated but were not members of the protected class." *Id.*

In his original complaint and amended complaint, Smith alleges that there were similarly situated female employees who were treated more favorably than he was. Indeed, Smith specifically named seven female employees who were "'always' and 'automatically' given their '30-minute actual lunch break' each and every single time whenever any of them was 'on duty' at Ching's hot wings restaurant. (Statement ¶ 163, ECF No. 1-1; Am. Compl. ¶ 229, ECF No. 7.) Smith further alleges that "ever since the very beginning of employment at Ching's hot wings restaurant, not one single time . . . was I ever 'given' or 'offered' any 'actual lunch break' by any of the managers of Ching's hot wings restaurant, not even by Mr. Lafayette Williams himself." (Statement ¶ 175, ECF No. 1-1; Am. Compl. ¶ 237, ECF

No. 7.) He claims that he was terminated "just because [he] . . . requested . . . a 30-minute actual lunch break." "Compl. ¶ 10, ECF No. 1.)

Smith has sufficiently alleged a claim for reverse gender discrimination against Lafayette Williams.

III. RECOMMENDATION

For the foregoing reasons, it is recommended that Manager Joshua Williams and Manager Veniece W. Bobo's motions to dismiss be granted and that Lafayette Williams/Chings Hot Wings' motion to dismiss be denied and that a scheduling order be entered in this case.

Respectfully submitted this 28th day of September, 2015.

s/Diane K. Vescovo
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.